IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY PATRICIA WEISS et al.,
   *Plaintiffs*,

v.

THOMAS PRICE, M.D., SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.
   *Defendants*.

Civil Action No. ELH-17-1127

**MEMORANDUM**

Mary Patricia Weiss, plaintiff in her individual capacity and as representative of the estate of her deceased husband, Ronald A. Weiss (the "Estate") (collectively, "plaintiffs"), filed suit against Defendants Thomas Price, M.D., Secretary, United States Department of Health and Human Services (the "Secretary"), and the United States Department of Health and Human Services (the "Agency"). ECF 1-1 (Complaint). Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, plaintiffs seek a declaration that the United States Government "has no legal interest in the escrowed settlement funds recovered by Mary Weiss as a result of the wrongful death of her husband, Ronald A. Weiss." *Id.* at 11. Ms. Weiss also asks this Court to (1) reverse findings made by the Medicare Appeals Council, and (2) award Ms. Weiss "an interest penalty" due to the length of time the settlement funds have been escrowed. *Id.* at 11-12.

Defendants have filed a "Partial Motion to Dismiss Plaintiff Mrs. Weiss's Individual Claims" (ECF 12), along with a memorandum of law (ECF 12-1) (collectively, "Motion"). In particular, the Motion seeks to dismiss each of Ms. Weiss's claims brought in her individual

capacity. The Motion has been fully briefed,[1] and no hearing is necessary to resolve it. *See* Local Rule 105.6.

For the reasons that follow, I will grant defendants' Motion. However, both sides agree that the Estate, as the affected beneficiary, is legally entitled to appeal the determination of the Medicare Appeals Council in this Court. *See* ECF 17 at 9 n.2; ECF 21 at 8. Therefore, although I shall grant the Motion, this case will proceed as to the Estate's appeal.

## I. Factual Background

The relevant facts in this matter are essentially uncontested. Ms. Weiss's late husband, Ronald A. Weiss ("Mr. Weiss" or the "Decedent"), was a Medicare recipient. ECF 1-1, ¶ 2. In 2007, Mr. Weiss died at a Maryland hospital during a necessary heart operation. *Id.* ¶¶ 14, 15. Thereafter, Ms. Weiss filed a medical malpractice lawsuit in state court in Maryland. *Id.* ¶ 11. The medical malpractice lawsuit asserted two distinct claims: a wrongful death claim on behalf of Ms. Weiss in her individual capacity, and survivorship claims for conscious pain and suffering and medical expenses, asserted by Ms. Weiss on behalf of the Estate. *Id.* ¶¶ 16-18. The parties to the medical malpractice lawsuit reached a confidential settlement before trial. *Id.* ¶ 24. Ms. Weiss and the Estate then filed a "Petition for Court Approval of Settlement and Allocation," asking the state court to allocate the settlement proceeds between Ms. Weiss and the Estate, as plaintiffs to the medical malpractice lawsuit. *Id.* ¶¶ 25, 29.

Although Ms. Weiss sent a copy of that petition to the Medicare Secondary Payer Recovery Contractor, the Department of Health and Human Services' Center for Medicare Services ("Medicare") was not a party to the medical malpractice lawsuit and did not participate

---

[1] I have considered Ms. Weiss's opposition (ECF 17) and defendants' reply. ECF 21.

in the proceeding. *Id.* ¶¶ 26, 27, 29, 31. [2] In accordance with plaintiffs' request in the petition, the state court judge determined that the Estate had no recoverable damages, and allocated all of the settlement proceeds to Ms. Weiss in her individual capacity. *Id.* ¶¶ 28, 30, 32.

Thereafter, Ms. Weiss and the Estate notified Medicare that a confidential settlement had been reached. *Id.* ¶ 33. Upon receipt of the notice, Medicare made a claim against the Estate for $26,404.20 in medical expenses that it had paid on the Decedent's behalf. *Id.* ¶¶ 34, 36. To comply with Maryland law, Ms. Weiss's attorney escrowed those funds pending resolution of Medicare's claim. *Id.* ¶ 37. The Estate appealed Medicare's claim through the administrative appeals process, citing the state court's allocation of the settlement to Ms. Weiss's wrongful death claim, but the Medicare Appeals Council reached a contrary conclusion and ruled in Medicare's favor. *Id.* ¶¶ 38-39.

This lawsuit followed. The Estate appeals Medicare's ruling and Ms. Weiss seeks a declaratory judgment that the escrowed settlement funds belong to Ms. Weiss, not to Medicare. ECF 1-1.

## II. Subject Matter Jurisdiction

Defendants contend that this Court lacks jurisdiction over the claims Ms. Weiss asserts in her individual capacity. *See generally* ECF 12. Because "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits," *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013), the jurisdictional issue is necessarily antecedent to any consideration of the merits. Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*,

---

[2] Medicare alleges that it was not properly served and did not have proper notice of the state court petition. *See* ECF 21 at 11-12 n.10.

776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed either by a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

In support of their facial challenge to subject matter jurisdiction, defendants note that, "[a]bsent a waiver, sovereign immunity shields the [federal] Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of sovereign immunity by Congress must be express and unequivocal. *Gomez-Perez v. Potter,* 553 U.S. 474, 491 (2008). The Declaratory Judgment Act "plainly does not operate as an express waiver of sovereign immunity . . . because it 'neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief.'" *Muirhead v. Mecham*, 427 F.3d 14, 17 n.1 (1st Cir. 2005) (citation omitted); *see Goldstein v. Moatz*, 364 F.3d 205, 219 (4th Cir. 2004) ("If a declaratory judgment proceeding actually constitutes a suit against the sovereign, it is barred absent a waiver of sovereign immunity.").

Thus, for Ms. Weiss to maintain her declaratory judgment action against Medicare, a government agency, Ms. Weiss bears the burden to establish an applicable waiver of sovereign immunity. She argues that the waiver can be found in two places: (1) the Administrative

Procedures Act; and (2) the fact that Defendants acted unconstitutionally by seeking to take Ms. Weiss's rightful property, without justification or authority.

### A. Administrative Procedures Act ("APA")

The APA authorizes judicial review of certain actions by federal administrative agencies. *See* 5 U.S.C. § 702. It provides, *id.*:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States, *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

Ms. Weiss essentially interprets this provision to constitute a waiver of sovereign immunity in all cases, like hers, seeking non-monetary relief, whether or not the case is filed under the APA. *See* ECF 17 at 7-9 (citing *Perry Capital LLC v. Mnuchin,* 864 F.3d 591, 620 (D.C. Cir. 2017); *Clark v. Library of Congress,* 750 F.2d 89, 102 (D.C. Cir. 1984)). Defendants counter that this case is distinguishable because it arises under the Medicare statute, which falls within the exception in the last sentence of the APA. ECF 21 at 5-6. According to defendants, the Medicare statute grants consent to suit, but expressly "forbids the relief which is sought" because it includes strict restrictions on the authority of courts to review Medicare cases by

requiring exhaustion of administrative proceedings. *Id.* at 3-5 (citing *Physicians Hospitals of Am. v. Sebelius,* 691 F.3d 649, 653 (5th Cir. 2012)).

The Medicare statute includes an extensive administrative appeals process for beneficiaries who are dissatisfied with the agency's decisions. *See* 42 U.S.C. § 1395ff; *see also* 42 C.F.R. §§ 405.940, 405.960, 405.1000, 405.1100. Under 42 U.S.C. § 405(g), the statute affords Medicare beneficiaries a mechanism for judicial review, once the beneficiary has obtained a final decision under the agency's administrative process. *Id.* When Congress authorized judicial review of Medicare decisions under § 405(g), it specifically foreclosed any other judicial review of the agency's decisions. *See* 42 U.S.C. § 405(h) (incorporated into the Medicare Act by 42 U.S.C. § 1395ii) ("No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or government agency except as herein provided.").

Ms. Weiss's claim in this case, although styled as a request for a judicial declaration that Medicare has no legal interest in the escrowed funds, also expressly asks this Court to "Reverse the Finding of the Medicare Appeals Council Appeal Number 1-2359245381." ECF 1-1 at 11; *see also Buckner v. Heckner,* 804 F.2d 258, 259 (4th Cir. 1986) (dismissing declaratory judgment action and holding that plaintiff's dispute regarding ownership of an overpayment of Medicare benefits arose under the Medicare statute); *Fanning v. United States,* 346 F.3d 386, 402 (3d Cir. 2003) (holding that whether the government could seek reimbursement from plaintiffs was a "claim arising under" the Medicare act, precluding judicial review absent exhaustion of administrative process).

Thus, the bar to judicial review set forth in 42 U.S.C. § 405(h) applies to Ms. Weiss's claim in her individual capacity, because she was not a party to any administrative appeal and

has not obtained a final judgment from the Agency.[3] Given that Ms. Weiss's claim is expressly barred by the limited grant of appellate jurisdiction in the Medicare statute, the APA does not waive sovereign immunity so as to permit Ms. Weiss to file a declaratory judgment action.

### B. FIFTH AMENDMENT – TAKING OF PROPERTY

In the alternative to her APA argument, Ms. Weiss contends that sovereign immunity is waived where a plaintiff asserts a non-monetary constitutional claim. She cites *Clark*, 750 F.2d at 102, and *Chamber of Commerce of U.S. v. Reich*, 74 F.3d 1322, 1329 (D.C. Cir. 1996), in support of the proposition that "sovereign immunity does not bar suits for specific relief against government officials" for alleged unconstitutional actions. ECF 17 at 10. In both of those cases, however, the plaintiffs relied, in part, on the APA's waiver of sovereign immunity. *See Reich,* 74 F.3d at 1329; *Clark,* 750 F.2d at 102. Defendants counter that a constitutional argument, standing alone, does not operate as a waiver of sovereign immunity, absent a waiver in "the statute giving rise to the cause of action." *See Hopes v. Roche*, RDB-04-2963, 2005 WL 1812820, at *7 (D. Md. Aug. 2, 2005) (quoting *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982);) *see also Lim v. United States*, DKC-10-2574, 2011 WL 2650889, at *8 (D. Md. July 5, 2011) ("Federal courts have no jurisdiction over claims against the United States asserting general violations of the Constitution not authorized by specific statute."). In the absence of any Congressional manifestation of consent to be sued for alleged constitutional violations, subject matter jurisdiction is lacking for Ms. Weiss's Fifth Amendment takings claim.

---

[3] There is one recognized exception to the requirement of § 405(h) that all review be channeled through the agency appeals process: where enforcing the requirement of administrative exhaustion would preclude all review. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 19 (2000). In this case, however, the judicial review Ms. Weiss seeks will be obtained via the Estate's appeal of the administrative ruling. Whether Ms. Weiss may be otherwise permitted to participate in the Estate's appeal, via intervention or another legal mechanism, is not presented here.

Moreover, even if jurisdiction were present, Ms. Weiss's allegation that Medicare's conduct constitutes a due process violation is flawed. The Agency engaged in a complete administrative appeals process, and its final determination will be subject to judicial review through this case. Although Ms. Weiss arguably could have different financial interests than the Estate, her position has been on all fours with the Estate's position throughout all of the litigation, both in state court and in the instant action.

Ms. Weiss cites *Bradley v. Sebelius*, 621 F.3d 1330 (11th Cir. 2010), in support of the proposition that reliance upon Medicare's internal manual as legal authority to "take possession of Mrs. Weiss's money" violates Ms. Weiss's due process rights. ECF 17 at 11. The *Bradley* case, however, did not address the issues of waiver of sovereign immunity or subject matter jurisdiction. In the absence of other circumstances conferring subject matter jurisdiction, then, Ms. Weiss's due process claim does not amount to a waiver of sovereign immunity on the part of the United States. Because Ms. Weiss has not met her burden to establish a waiver, this Court lacks jurisdiction to adjudicate her claims in her individual capacity.

### III. Demand for Interest

Plaintiffs' Complaint asks this Court to "[a]ward Plaintiff Mary Weiss an interest penalty as a result of Defendant's denial of her constitutionally protected property rights and the unnecessarily protracted Medicare Appeals process." ECF 1-1 at 12. Plaintiffs cite no statutory authority either permitting an award of interest or waiving sovereign immunity as to such a claim. Because this Court lacks subject matter jurisdiction over Ms. Weiss's claims in her individual capacity, this request must also fail.[4] Because the request for interest for Ms. Weiss is not cognizable, the request must be dismissed.

---

[4] The Complaint does not seek any award of interest to the Estate.

## IV. Conclusion

For the reasons set forth above, defendants' partial motion to dismiss is granted. All claims brought by plaintiff Mary Patricia Weiss in her individual capacity will be dismissed for lack of subject matter jurisdiction, as will any claims for monetary relief, including interest.

An Order follows.


Dated: March 5, 2018                              /s/
                                            Ellen Lipton Hollander
                                            United States District Judge